IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              No.. 1:14-CR-03428-JB-3

ALAN ARROYO,

    Defendant.

**DEFENDANT'S SENTENCING/DISPOSITION MEMORANDUM**

Defendant Alan Arroyo, through counsel of record, respectfully submits the following Sentencing/Disposition Memorandum for this Court's consideration in determining an appropriate sentence in this case.

**I. PROCEDURAL BACKGROUND**

Alan Arroyo is before this Court for disposition upon entering a Plea Agreement with the Government in which he pled guilty to Count 6, Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine, Aiding and Abetting, contrary to 21 U.S.C. § 841, 18 U. S.C. § 841 (B)(1)(B) and 18 U.S.C. § 2.

Mr. Arroyo entered the agreement before the Court on June 11, 2015 and admitted in the factual basis stipulated to in the plea agreement that on January 29, 2014, he was contacted by another person to get some methamphetamine because that person wanted to sell it. That person sent another person to Mr. Arroyo and picked it up. Mr. Arroyo understood that the methamphetamine had been sold. He admitted that he knowingly provided 219 grams of methamphetamine.

This transaction occurred at the very end of a year-long investigation of the co-defendants. Mr. Arroyo never sold any drugs prior to or after this transaction, and has no criminal history.

## II. SENTENCING GUIDELINES AND STATUTORY PROVISIONS

As set forth at page 7 of the Presentence Report the base offense level is 32. The Presentence report guidelines calculation deducts 2 points for specific offense characteristics, and an additional 3 points for acceptance of responsibility. The Total Offense level is 27, and Mr. Arroyo has a criminal history score of zero, as he has no juvenile and no adult convictions. Mr. Arroyo has been in the United States since the age of 4, so he would have no criminal history anywhere other than in the United States. Mr. Arroyo's total offense level results in a guideline range of 70-87 months, given his criminal history category of 1.

The United States Probation Office believes that a downward departure is warranted pursuant to Mr. Arroyo's personal and medical circumstances, pursuant to the factors set forth in 18 U.S.C. §3553(a).

## III. FACTORS UNDER 18 U.S.C. § 3553(a)

In the consolidated case of United States v. Booker/Fanfan ("Booker"), 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court held that the Federal Sentencing Guidelines set forth in 18 U.S.C. § 3551 are advisory, rather than mandatory, in nature. In so doing, the Court instructed the district courts to consider both the advisory guidelines and the factors listed in 18 U.S.C. § 3553(a) in formulating an appropriate sentence. Booker, 125 S. Ct. at 757. More specifically, 18 U.S.C. § 3553(a) states, in relevant part:

The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense; (B)to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing [guidelines] range . . . ;

(5) any pertinent policy statement . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(7) the need to provide restitution to any victim of the offense.

Upon an application of Mr. Arroyo's case to the factors listed above, a downward departure is warranted, as set forth in the PreSentence Report.

### A. Mr. Arroyo's Medical Condition Warrants Significant Consideration By This Court As Mitigation In Determining An Appropriate Sentence In This Matter.

The Defendant was diagnosed in 2013 with Leukemia. He has been in remission while taking a drug called Tasigna for the Leukemia, as well as anti-nausea medication and over-the-counter pain medication. This treatment was prescribed by his doctor at the University of New Mexico Hospital, Dr. Arana-Yi. The Tasigna is extremely expensive. The company that manufactures Tasigna was providing the drug to Mr. Arroyo on humanitarian grounds prior to his arrest, since there is no way he could have afforded to purchase this drug. Once Mr. Arroyo was taken into custody, the company terminated their sponsorship of his medication. The United States Government is now providing Mr. Arroyo's treatment to him, and the cost is very expensive at a cost of $680 per day. He will also need to be transferred to a medical facility, so that his treatment is properly monitored. Mr. Arroyo's medical records have been provided to the United States Probation Office to assist with verification of his

medical condition.

> **B.     Mr. Arroyo's Personal Circumstances Warrant Significant Consideration By This Court As Mitigation In Determining An Appropriate Sentence In This Matter.**

As set forth above, Mr. Arroyo was brought to this country at the age of four (4). Obviously, at the age of 4, the decision to come to the United States was not his. He has never lived in Mexico, although he is legally a citizen of that country. His entire family is here in the United States and he has never had to survive in a place that is completely foreign to him. He is married, and he and his wife have a son who is now a toddler. Mr. Arroyo's wife is studying to become a nurse and is making plans to move to El Paso, Texas, so that they can remain a family, with Mr. Arroyo living in Juarez, Mexico. Mrs. Arroyo has also never lived in Mexico. Mr. Arroyo will be deported and he will have to learn to survive and provide for his family in an environment with which he is completely unfamiliar. He will have to try to get proper health care for his serious medical condition. These are consequences that are harsher than any prison sentence.

Mr. Arroyo sold drugs one time. He did so because he knew that his medical condition posed a financial burden to his family, and he wanted to help. This is not a justification for what he did, but an explanation of why an essentially good man did a terrible thing. He will suffer the consequences for this one act for the rest of his life, as he will be forever separated from his extended family, his friends and everything near and dear to him. His life, as he knew it from the age of 4, is over.

> **C.     Under the Circumstances a Sentence of Twenty-Four Months Is Appropriate.**

As noted above, the sentencing statute also requires that the sentence be "sufficient, but not greater than necessary" to achieve the purposes of the statute, among them the promotion of respect for the law, the provision of a just punishment for the offense, the adequate deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

As applied to this case, Mr. Arroyo's medical condition and his personal circumstances and history indicate that a prison term of twenty-four months is an appropriate resolution of this case. A twenty-four month sentence will promote respect for the law, provide just punishment for Mr. Arroyo's offense, and adequately deter criminal conduct. Mr. Arroyo's complete lack of criminal history shows that he is not a danger to the public, and because he will be deported, he will never be a danger to the public in the United States. He will be provided the medical care he needs, while enabling his family to try to arrange for medical care for him in Mexico.

Mr. Arroyo has worked hard to provide for his family and be an asset to his community. He made one mistake, out of financial need, and will pay the very high price for that mistake for the rest of his life.

## IV. DEFENSE RECOMMENDATION

Given the foregoing analysis, and applying the sentencing factors in 18 U.S.C. § 3553(a), Mr. Arroyo respectfully requests this Court to sentence him to a term of twenty-four months. A lengthy prison term is not warranted under the facts of the case, nor will it serve the ends of justice. Moreover, Mr. Arroyo's deportation to Mexico will certainly punish him for his illegal conduct for the rest of his life.

Respectfully submitted,

THE ALARID LAW FIRM, P.C.

_/s/ Michael Alarid, Jr._
Michael Alarid, Jr.
Camille Cordova
Attorneys for Alan Arroyo
2201 Menaul Blvd. NE
Albuquerque, NM 87107
(505) 242-6255

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2015, I electronically transmitted the attached Defendant's Sentencing/Disposition Memorandum to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

____/s/ Michael Alarid, Jr._____